MICHAEL CHARLES ORY,
v.
JERRY SHEDD.
No. 2009 CA 0049.
Court of Appeals of Louisiana, First Circuit.
September 14, 2009.
Not Designated for Publication.
BRETT K. DUNCAN, B&D Legal Solutions, Attorney for Plaintiff-Appellee Michael Charles Ory.
JENEL G. SECREASE, Attorney for Defendant-Appellant Jerry Shedd.
Before: PARRO, KUHN, and McDONALD, JJ.
PARRO, J.
Jerry Shedd appeals a judgment in favor of Michael Charles Ory, in which Ory was awarded a total sum of $10,147.14, including special damages in the amount of $4,897.14. We amend and affirm as amended.
The dispute in this case arose between Ory and Shedd, who live in the same rural neighborhood, and was the culmination of several previous arguments concerning the placement of Shedd's trash can. Ory lives in the first house on Waters Road, and Shedd lives toward the end of the road. All of the neighbors' trash cans and mailboxes are positioned at the beginning of the road. Around 9:30 p.m. on Monday, September 12, 2005, Shedd drove his truck to the location of his trash can and found the pole used to hold it in place missing. He began to drive around looking for it. At the sound of Shedd's truck, Ory came out of his house. An altercation ensued, which resulted in injuries to both Shedd and Ory.
Both parties testified at a bench trial concerning how the incident happened. Ory stated that Shedd was the aggressor; he was punched twice, sat on, and grabbed on the neck by Shedd, causing Ory injury. After the altercation, Ory went to the doctor for his injuries and saw a physical therapist from November 4, 2005, until December 27, 2005, for cervical pain. Ory's wife confirmed that she heard the altercation and saw Shedd sitting on her husband. Ory and his wife denied seeing anyone else at the scene.
Shedd's version of the events contradicted Ory's statements. Shedd testified that while he was looking for his pole, Ory ran at him and hit him in the head. In response, he hit Ory back once, causing Ory to fall. When Shedd was trying to leave, Ory tackled him and pulled him to the ground. Shedd went to the doctor the next day for a bloody eye and pain in his head. To corroborate his version of the events, Shedd provided an eyewitness, John Sule, who was not seen by Ory or his wife because he stayed in Shedd's truck during the altercation.
After a bench trial, the court ruled in favor of Ory, choosing to believe his version of the events. Ory was awarded a total of $10,147.14, plus legal interest. The total award included a sum for special damages in the amount of $4,897.14. Shedd appealed, asserting that the court erred when it found Shedd was the aggressor. Shedd also argues that the court erred when it granted special damages for prescriptions unrelated to Ory's injuries and for medical bills from injuries that Ory did not suffer from the altercation.
The two-part test for appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trier of fact; and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Lockett v. State, Dept. of Transp. and Dev., 03-1767 (La. 2/25/04), 869 So.2d 87, 95.
In this case, the evidence provides a reasonable factual basis for the trial court's findings with respect to the sole liability of Shedd, and there is nothing in the record to suggest such findings were manifestly erroneous. Further, because the witnesses' testimonies conflicted with each other, it was up to the trier of fact to determine credibility regarding fault.
A reviewing court should not set aside an award of special damages unless the award was based on factual findings that are found to be manifestly erroneous. See Kaiser v. Hardin, 06-2092 (La. 4/11/07), 953 So.2d 802, 810. In its written factual findings, the trial court found that the medical records verified the treatment and physical therapy received for the injuries Ory suffered in the altercation. Ory was awarded special damages for medical expenses he allegedly incurred due to those injuries from the incident. These expenses included: physical therapy for "cervical pain," from which, admittedly, he had suffered for years; the purchase of two cervical collars not prescribed by any doctor; and an ultrasound on his stomach. The trial court found that these medical expenses were related to the injuries Ory suffered in the altercation. There is no indication in the record that these factual findings were manifestly erroneous, as these medical expenses were consistent with Ory's injuries in the altercation.
However, the trial court erred when it awarded special damages for some prescriptions that were not intended to treat conditions arising from injuries suffered by Ory in the altercation, specifically Levothyroxine and Meclizine. Levothyroxine is generally used to regulate thyroid problems, while Meclizine is used to prevent nausea, vomiting, and dizziness caused by motion sickness. These prescriptions are not used to treat injuries or conditions consistent with Ory's injuries in the altercation, and an award for these prescriptions was clearly wrong. Therefore, the trial court's special damage award should be reduced by $18.28 to $4,878.86.
For these reasons, the judgment of the trial court is amended to reduce the total damages by $18.28. In all other respects, the judgment is affirmed. All costs of this appeal are assessed to Shedd.
AMENDED AND AFFIRMED AS AMENDED.